IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ANDRE L. WATKINS : | |
| 4716 Skeet Club Road | |
| Hurlock, Maryland 21643 : | |
| | |
| Plaintiff : | |
| | |
| v. : | |
| | |
| UNITED NEEDS & ABILITIES, INC. : | Civ. No.: |
| 688 E. Main St. | |
| Salisbury, MD 21804 : | |
| | |
| SERVE ON: : | |
| | |
| Michael Carbone : | |
| Holly Center | |
| 926 Snow Hill Rd. : | |
| Salisbury, Maryland 21804 | |
| Resident Agent : | |
| | |
| Defendant : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Andre L. Watkins by and through his attorneys, Nic B. Kuvshinoff, Esq. and The Law Office of Nic B. Kuvshinoff, PC pursuant to the Federal Rules of Civil Procedure, submits this Complaint against Defendant, United Needs and Abilities, Inc. to recover unpaid wages and statutory damages for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter, "FLSA"). the Maryland Wage and Hour Law, MARYLAND CODE ANN., LABOR AND EMPLOYMENT ARTICLE §§ 3-401 *et seq*. (hereinafter, "MWHL"), and the Maryland Wage Payment and Collection Law, MARYLAND CODE ANN., LABOR AND EMPLOYMENT ARTICLE §§ 3-501 *et seq*. (hereinafter, "MWPCL").

**PARTIES AND JURISDICTION**

01.     Plaintiff is an adult resident of Dorchester County, Maryland.

02.     Defendant is a corporation formed pursuant to the laws of the State of Maryland with its principal place of business in Wicomico County, Maryland. At all times relevant to this action, Defendant has been engaged in operating programs and facilities for developmentally disabled adults.

03.     At all times relevant to this action, Defendant has employed individuals, including Plaintiff, to work in its main office facility located at 688 E. Main St., Salisbury, Maryland, and at various residential home facilities located in Wicomico County, Maryland.  Defendant is an "employer" for purposes of the FLSA, MWHL, and MWPCL and Plaintiff was an "employee" entitled to rights and protections under the FLSA, MWHL, and MWPCL.

04.     At all times relevant to this action, Defendant has been engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

05.     At all times relevant to this action, Defendant qualified as an "enterprise" within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

06.     At all times relevant to this action, Plaintiff and other employees employed by Defendant were engaged in interstate commerce as required by 29 U.S.C. §§ 206-207.

07.     This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to any "civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

08.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

09.     On or about February 13, 2017 Plaintiff was hired by Defendant to work as a Residential Aide for the facility located at 104 Coulbourn Mill Road in Salisbury, Wicomico County, Maryland.

10.     On or about March 15, 2017 Plaintiff was promoted to House Manager for the same facility. At the time of his promotion, Plaintiff was instructed that he would be "working" the overnight shift, from 4:00 p.m. through 8:30 a.m., and would therefore be required to be on the employer's premises during those times. This is a sixteen and one-half hour shift.

11.     Although Plaintiff was required to remain on the employer's premises during those times, and to be available to respond as needed during those times, Plaintiff was also advised that he would not be paid for the hours between 11:00 p.m. and 6:30 a.m. for each shift. In other words, although Plaintiff was required to work a sixteen and one-half hour shift, he would only be paid for nine hours.

12.     Plaintiff worked and was paid as described for the period between March 15, 2017 and April 13, 2019.

13.     In addition to this regularly repeating work schedule, on or about April 8, 2019 through April 12, 2019, Defendant demanded that Plaintiff accompany developmentally disabled residents on an out-of-state vacation trip for the residents as a Defendant staff member to assist the residents and to be available as needed around the clock during the trip.

14.     Defendant told Plaintiff and other employees that they must participate in the trip, or otherwise they would not be permitted to work in a different Defendant facility during that time, nor would they be permitted to utilize vacation time during the period.

15. Defendant also demanded that Plaintiff and other relevant employees sign a document agreeing that they would be paid for only 40 hours during the trip, notwithstanding that the staff members were required to be available and on duty around the clock.

16. Notwithstanding said document, Plaintiff essentially worked around the clock from on or about April 8, 2019 when the trip commenced through April 12, 2019, when the residents were returned to the Defendant's facilities.

17. Defendant was aware of Plaintiff's work practices and the wages paid to him, as Defendant was solely responsible for directing Plaintiff's schedule and for issuing him his wages. Defendant accordingly permitted Plaintiff to work for hundreds of hours for which Defendant failed to pay Plaintiff, and further failed to pay Plaintiff for overtime worked in excess of forty hours per week as required by law.

18. Plaintiff was not an independent contractor, as at all times Defendant was solely in control of and responsible for Plaintiff's work duties and working hours. Defendant maintained rules of employment which it enforced and held the power to discipline employees such as Plaintiff, fire them, and otherwise suspend their employment.

19. Defendant at all times supervised Plaintiff's work duties and the work duties of other employees such as Plaintiff to make certain that Plaintiff's job performance and the job performance of other employees was of sufficient quality.

20. Plaintiff did not perform work which is exempt from the minimum wage or overtime requirements of the FLSA or the MWHL.

## CAUSES OF ACTION

### COUNT ONE
*(Violation of Fair Labor Standards Act)*

21. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

22. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff and its other employees for all hours worked, and for all overtime hours worked per week in excess of forty (40) at an overtime rate of not less than the higher of one-and-one-half (1 1/2) times the FLSA Minimum Wage.

23. Defendant failed to pay Plaintiff for all hours worked and failed to pay overtime rates for hours worked in excess of forty hours per week throughout the period of Plaintiff's relevant employment. The wages Defendant paid Plaintiff amount to an hourly rate that is less than the federally mandated Minimum Wage based on the number of hours Plaintiff worked per week.

24. Defendant had actual knowledge that Plaintiff was its employee and not an independent contractor or an exempt employee and had actual knowledge that it was paying Plaintiff less than what was owed to him under the FLSA.

25. Defendant's failure to pay compensation owed to Plaintiff and other employees was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any and other further relief this Court deems appropriate.

## COUNT TWO
*(Violation of Maryland Wage and Hour Law)*

26. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

27. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff and its other employees for all hours worked at an hourly rate not less than the Maryland Minimum Wage.

28. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff and its other employees for all overtime hours worked per week in excess of forty (40) hours at an overtime rate not less than the higher of one-and-one-half (1 1/2) times their regular rate of pay or one-and-one-half (1 1/2) times the Maryland Minimum Wage.

29. Defendant failed to pay Plaintiff for all hours worked as is described herein.

30. Further, the wages Defendant paid Plaintiff amount to an hourly rate that is less than the Maryland Minimum Wage based on the number of hours Plaintiff worked per week.

31. Defendant failed to pay at the overtime rate for hours worked in excess of forty hours per week as is described herein.

32. Defendant had actual knowledge that Plaintiff was its employee and not an independent contractor or an exempt employee, and had actual knowledge that it was paying Plaintiff less than what was owed him under the MWHL.

33. Defendant's failure to pay compensation owed to Plaintiff and other employees was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any and other further relief this Court deems appropriate.

## COUNT THREE
*(Violation of Maryland Wage Payment and Collection Law)*

34. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

35. Without legal excuse or justification, Defendant withheld and failed to pay Plaintiff and other employees all wages due for work duties performed as described herein.

36. Defendant withheld and failed to timely pay all wages due and owing to Plaintiff and other employees without permission and without any other justification recognized or allowed by the MWPCL.

37. Defendant's unlawful and unauthorized withholding go wages belonging to Plaintiff and other employees constitutes a failure by Defendant to pay all wages due on time and as required for work performed as mandated by the MWPCL.

38. Defendant's failure to pay Plaintiff and other employees all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus three times the amount of unpaid and/or improperly withheld and/or deducted wages as additional damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any and other further relief this Court deems appropriate.

Respectfully submitted,

_____
Nic B. Kuvshinoff, Esq. (Bar No. 14642)
LAW OFFICE OF
NIC B. KUVSHINOFF, P.C.
P.O. Box 229
Salisbury, Maryland 21803
410–749–6052
nicbkuvs@nbklaw.com
Counsel for Plaintiff Andre L. Watkins

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all causes of action thus triable herein.

Respectfully submitted,

_____
Nic B. Kuvshinoff, Esq. (Bar No. 14642)
LAW OFFICE OF
NIC B. KUVSHINOFF, P.C.
P.O. Box 229
Salisbury, Maryland 21803
410–749–6052
nicbkuvs@nbklaw.com
Counsel for Plaintiff Andre L. Watkins